**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CRYSTAL MICHELLE PARHAM,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **NO.: 3:17-cv-02941-O** |
| | § | |
| **DATA SEARCH, INC.,** | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT DATA SEARCH, INC.'S**
**ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Data Search, Inc. ("Defendant") files this Original Answer in response to the allegations contained in Plaintiff's Complaint filed in the above-entitled and numbered cause.  In support hereof, Defendant respectfully shows as follows:

**I.**
**ORIGINAL ANSWER**

1.      The allegations contained in paragraph 1 of the Complaint are a characterization of Plaintiff's claims, requiring no response from Defendant.  Any factual allegations contained therein are denied.

2.      The allegations contained in paragraph 2 of the Complaint are a statement of jurisdiction.  Defendant admits this Court has jurisdiction over the allegations brought pursuant to the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.  All other allegations contained in paragraph 2 of the Complaint are denied.

3.      Defendant admits venue is proper in this Court.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.  Therefore, the allegations are denied.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains a statement of law, requiring no response from Defendant.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.  Therefore, the allegations are denied

8.      Defendant admits that it called telephone number (806) XXX-6028.  Defendant denies the remainder of the allegations contained in paragraph 8 of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.  Therefore, the allegations are denied.

10.     Defendant admits that telephone number (210) 293-5933 is associated with Defendant's business.  Defendant is without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations contained in paragraph 10 of the Complaint. Therefore, the allegations are denied.

11.     Defendant admits that telephone number (210) 293-5933 is associated with Defendant's business.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.   Therefore, the allegations are denied.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.   Therefore, the allegations are denied.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.   Therefore, the allegations are denied.

22.     Defendant incorporates its responses in the foregoing paragraphs by reference.

23.     Paragraph 23 of the Complaint contains a statement of law which requires no response from Defendant.

24.     Defendant admits that, in general, it is in the business of debt collection as is alleged in paragraph 24 of Plaintiff's Complaint. However, Defendant is without sufficient information to form a belief as to the truth and veracity of the allegation that it is a "debt collector" under 15 U.S.C. § 1692a(6) for purposes of the present action, and accordingly denies same.

25.     Defendant admits that, in general, it is in the business of debt collection as is alleged in paragraph 25 of Plaintiff's Complaint.

26.     Paragraph 26 of the Complaint contains a statement of law which requires no response from Defendant.

27.     Paragraph 27 of the Complaint contains a statement of law which requires no response from Defendant.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains a statement of law which requires no response from Defendant.

31.     Paragraph 31 of the Complaint contains a statement of law which requires no response from Defendant.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint contains a statement of law which requires no response from Defendant.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.  Therefore, the allegations are denied.

37.     Defendant incorporates its responses in the foregoing paragraphs by reference.

38.     Paragraph 38 of the Complaint contains a statement of law which requires no response from Defendant.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint and denies that Plaintiff is entitled to any relief.

43.     Defendant incorporates its responses in the foregoing paragraphs by reference.

44.     Paragraph 44 of the Complaint contains a statement of law which requires no response from Defendant.

45.     Defendant admits that, in general, it is in the business of debt collection as is alleged in paragraph 45 of Plaintiff's Complaint. However, Defendant is without sufficient information to form a belief as to the truth and veracity of the allegation that it is a "debt collector" under the Texas Finance Code for purposes of the present action, and accordingly denies same.

46.     Paragraph 46 of the Complaint contains a statement of law which requires no response from Defendant.

47.     Paragraph 47 of the Complaint contains a statement of law which requires no response from Defendant.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant incorporates its responses in the foregoing paragraphs by reference.

50.     Paragraph 50 of the Complaint contains a statement of law which requires no response from Defendant.

51.     Paragraph 51 of the Complaint contains a statement of law which requires no response from Defendant.

52.     Paragraph 52 of the Complaint contains a statement of law which requires no response from Defendant.

53.      Paragraph 53 of the Complaint contains a statement of law which requires no response from Defendant.  Defendant denies any factual allegations contained therein.

54.      Paragraph 54 of the Complaint contains a statement of law which requires no response from Defendant.  Defendant denies any factual allegations contained therein.

55.      Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.      Paragraph 56 of the Complaint contains a statement of law which requires no response from Defendant.

57.      Paragraph 57 of the Complaint contains a statement of law which requires no response from Defendant.

58.      Defendant denies the allegations contained in Paragraph 58 of the Complaint and denies that Plaintiff is entitled to any relief.

59.      Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.      Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.      Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.      Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief.

63.      Defendant denies that Plaintiff is entitled to any relief.

64.      To the extent not expressly admitted, Defendant denies the factual allegations contained in the Complaint.

## II.
## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

65.      Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

---

66.     Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendant.

### THIRD DEFENSE

67.     Any violation of any law, which Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### FOURTH DEFENSE

68.     Defendant further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

### FIFTH DEFENSE

69.     As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### SIXTH DEFENSE

70.     As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff, if any there were.

### SEVENTH DEFENSE

71.     As a separate, affirmative defense, Defendant alleges that they at all times alleged in the Complaint maintained reasonable procedures created to prevent any violations of the TCPA, and/or other statutes, and that Defendant's conduct was reasonable thereby preventing any finding of negligent or intentional conduct under said statutes.

## EIGHTH DEFENSE

72.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent any alleged calls by Defendant to Plaintiff were not made using an automatic telephone dialing system and/or an artificial/prerecorded voice.

## NINETH DEFENSE

73.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent Defendant had prior express consent to call any particular telephone number

## TENTH DEFENSE

74.     As a separate, affirmative defense, Defendant alleges that the TCPA was intended to restrict telemarketers, not those actively engaged in the collection of debt, and enforcement of damages under the TCPA against Defendant without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and constitutional damages

## ELEVENTH DEFENSE

75.     As a separate, affirmative defense, Defendant alleges that it did not have actual nor constructive notice of the alleged facts in Plaintiff's Complaint

## TWELFTH  DEFENSE

76.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent Plaintiff was not charged for any alleged call by Defendant

## THIRTEENTH DEFENSE

77.     Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation

**WHEREFORE, PREMISES CONSIDERED**, Data Search, Inc. prays that upon final trial Plaintiff takes nothing by this action, that Defendant recover its costs incurred herein, and for such other and further relief, at law or in equity, to which it may be justly entitled.

DATED this 27th day of December 2017.

Respectfully submitted,

By: */s/    A. Lee Rigby*
A. Lee Rigby
State Bar No. 24029796

**SMITH | ROBERTSON, LLP**
221 West Sixth Street, Suite 1100
Austin, Texas 78701
Telephone:  (512) 225-5800
Telecopier:  (512) 225-5838
Email: lrigby@smith-robertson.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on December 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nathan C. Volheim, Esq.
Atlas Consumer Law – a division of Sulaiman Law Group, Ltd.
2500 Highland Avenue, Suite 200
Lombard, IL 60148
Email: nvolheim@sulaimanlaw.com

Mr. Jason M. Kataz
Hiersche Hayward Drakeley & Urbach PC
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
jkatz@hhdulaw.com